**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51962/51963/51964**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 21, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RYAN GLENN COVEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barry McHugh, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of two years, for abuse of a vulnerable adult in Docket No. 51962, affirmed; judgments of conviction and unified sentences of five years, with a minimum period of incarceration of two years, for felony intimidating a witness in Docket No. 51963 and Docket No. 51964, affirmed; and orders denying Idaho Criminal Rule 35 motions, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves three consolidated cases. In Docket No. 51962, Ryan Glenn Covey pleaded guilty to abuse of a vulnerable adult, Idaho Code § 18-1505(1). The district court imposed a unified sentence of ten years, with a minimum period of incarceration of two years. In Docket Nos. 51963 and 51964, Covey entered an A*lford*[1] plea to one count of felony intimidating a

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

witness, I.C. § 18-2604(3), in each case.[2]  The district court imposed unified sentences of five years, with a minimum period of incarceration of two years, for each count of intimidating a witness.  The sentences in all three cases were ordered to run concurrently.  In exchange for his guilty plea, additional charges were dismissed.  Covey filed an Idaho Criminal Rule 35 motion in all three cases, which the district court denied.  Covey appeals.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction.  I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Next, we review whether the district court erred in denying Covey's Rule 35 motions.  A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  Upon review of the record, including any new information submitted with Covey's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, after applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion.  Covey's judgments of conviction and sentences, and the district court's orders denying Covey's Rule 35 motions, are affirmed.

---

[2]  In Docket No. 51963, Covey also pleaded guilty to misdemeanor domestic battery in the presence of a child, resisting arrest, and two counts of violation of the no-contact order.  In Docket No. 51964, Covey pleaded guilty to criminal contempt, one count of violation of the no-contact order, and resisting arrest.  Those convictions are not at issue in this appeal.